**Iola HUNTER, Wife of/and Levin Hunter, Plaintiffs–Appellants,**

v.

**INTREPRINDEREA de EXPLORE FLOTT MARITIME NAVROM, et al., Defendants–Appellees.**

No. 88–3571
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1989.

Charles W. Dittmer, Jr., Domengeaux & Wright, New Orleans, La., for plaintiffs-appellants.

Robert H. Murphy, Kenneth J. Servay, Peter B. Sloss and Douglas L. Grundmeyer, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for Interprinderea.

Richard B. Foster, New Orleans, La., for Comet Rice.

John L. Duvieilh, New Orleans, La., for Cooper.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Levin Hunter, Sr., and his wife sued the Intreprinderea de Explore Flott Maritime NAVROM ("Navrom") pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* In a thorough opinion, the district court granted summary judgment for Navrom on the ground that the vessel had no duty to protect Hunter against the condition which caused his injury, 690 F.Supp. 517. On appeal, we affirm.

I.

Hunter was injured while working as a stevedore for Cooper/T. Smith Stevedores, Inc. The Comet Rice Company had engaged Cooper/T. Smith to load rice onto a ship owned by Navrom. To load the rice, Cooper/T. Smith used a spreader bar, a bar with twenty hooks on it. Each hook could support a sling holding twenty-eight bags of rice. As the hold of the ship would fill up, it would become necessary for workers to distribute bags into areas too small to accommodate a full load from the spreader bar. In order to do so, the stevedores cut the slings.

The slings could be cut either when loose or when taut. If they were cut when taut, they tended to "pop" and could be dangerous. At the time of Hunter's accident, Cooper/T. Smith had been using the spreader bar system for three years. Hunter himself was aware that when a taut sling was cut, it would pop.

Hunter cut a sling when it was taut. It popped, and hit him in the eye.

II.

On an appeal from summary judgment, we review *de novo.* We consider any disputed material facts in the light most favorable to the non-movant.

The district court correctly noted several uncontested facts. First, Hunter's accident was caused by the manner and method used to de-sling the rice packages. Second, the crane and spreader bar used to lower the rice into the vessel were owned by and under the control of Cooper/T. Smith. Third, the rice was packaged in its sacks by Comet and the sacks were joined with the slings by Comet. Fourth, Hunter is a covered employee under the LHWCA.

In connection with its duty to view the facts favorably to the non-movant, the district court made several assumptions favorable to Hunter's case. First, it assumed that the stevedore operation which injured Hunter—namely, cutting the tight slings—was a dangerous practice. Second, it assumed that the vessel owner had actual and complete knowledge of these practices and their dangerous character. Third, it assumed that Hunter could not avoid the danger.

The district court nonetheless found it appropriate to grant summary judgment for Navrom, relying on this Circuit's decision in *Casaceli v. Martech International Inc.*, 774 F.2d 1322 (5th Cir.1985), *cert.*

*denied,* 475 U.S. 1108, 106 S.Ct. 1516, 89 L.Ed.2d 914 (1986). The *Casaceli* court held that even when a shipowner knows of a danger on the ship, the shipowner nonetheless has no duty to intervene on the longshoreman's behalf so long as the danger is "an open and obvious transitory condition created and controlled by the independent contractor, and wholly related to the contractor's gear and operations." 774 F.2d at 1327.

The *Casaceli* court listed six factors relevant to determining whether a ship owner has a duty to intervene to protect against risks created by a stevedoring company. 774 F.2d at 1328. The district court applied the six factors carefully, and found it decisive that the dangerous condition had nothing to do with the vessel's gear; that the vessel did not own the defective item; that there was no allegation of an affirmative act of negligence by the vessel; and that the shipowner had not assumed any duty with regard to the dangerous condition.

We agree with this analysis. Hunter's brief on appeal says nothing to call the district court's reasoning into question. Indeed, the brief makes no mention of either *Casaceli* or any subsequent decision.

The judgment of the district court is therefore in all respects

AFFIRMED.